### WEED v. HARRIS ET AL.

ACTION TO QUIET TITLE: SHERIFF'S SALE: JUDGMENTS.

*Appeal from Butler District Court.*

WEDNESDAY, JUNE 16.

ACTION in chancery to quiet the title to certain land in Butler county. Upon a trial on the merits plaintiff's petition was dismissed, and the title of

the land was declared to be in defendant Harris. Plaintiff appeals. The facts of the case appear in the opinion.

G. C. Wright, for appellant.

Gray, Dougherty & Gibson, for appellees.

BECK, J.—I. The plaintiff's title rests upon a sheriff's deed executed April 3, 1877, upon a sale made April 3, 1876, under a judgment rendered January 2, 1872, against C. H. Parsons. Defendant Harris claims title to the land under a sheriff's deed, executed upon a sale of the land on a decree of foreclosure of a mortgage executed June 28, 1872, by C. M. Parsons and his wife. They also executed to Harris a quitclaim deed for the land. The title of the property prior to these conveyances was in the wife, M. H. Parsons. But plaintiff insists that she held the title for the purpose of defrauding her husband's creditors, and that the property is, therefore, subject to his debts. The evidence utterly fails to support this position of plaintiff. Mrs. Parsons testifies that the property was purchased with means obtained from her father. There is no testimony contradicting her evidence, and none tending to show fraud in the acquisition of the land, or any fraudulent purpose on the part of herself or husband.

The legal title being in Mrs. Parsons, the mortgage executed by her created a valid lien thereon. Her husband having no title or interest in the property, the judgment in favor of plaintiff was not a lien on the land. Harris holds, under the mortgage foreclosure and the quitclaim from Mrs. Parsons, the perfect legal title without any conflicting equity in the plaintiff.

II. Plaintiff alleges that the decree of foreclosure of the mortgage under which Harris holds the land was paid and discharged before sale. The evidence does not support this position. A transaction was had in which Harris did execute a satisfaction piece for the decree, but it was discovered to be a mistake, and was returned to Harris with the intention that the decree should not be affected by it. No attempt to satisfy the decree was ever made. The decree of the District Court must be

AFFIRMED.